IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,576-01






EX PARTE RICHARD DEMETRIUS NASH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W11-59880-W(A) IN THE 363rd DISTRICT COURT
FROM DALLAS COUNTY 





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of
evading arrest and sentenced to imprisonment for five years. 

 The Applicant alleges that his guilty plea was involuntary due to counsel's failure to inform
him of the availability of an insanity defense. 

 In response to the Applicant's allegation, the State asserts, in pertinent part:

 Applicant claims that he was insane at the time he fled from police; he allegedly fled
because he thought he might be killed. However, applicant gives no indication that he did
not know that fleeing from police was legally wrong. His factual allegations do not establish
the affirmative defense of legal insanity. In any event, further evidence regarding defense
counsel's representation on this matter is needed. See generally Bone v. State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002) (explaining that counsel should ordinarily be accorded an
opportunity to explain his actions before being condemned as incompetent). Thus, the State
requests that this Court issue an order designating issues and requiring the gathering of
evidence, as is customary, by way of affidavit from defense counsel or hearing as the Court
may deem necessary. 


 The habeas record has been forwarded to this Court prematurely. We remand this application
to the 363rd District Court of Dallas County to allow the trial judge to complete an evidentiary
investigation and enter findings of fact and conclusions of law.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: December 18, 2013

Do not publish